CORRINE M. SULLIVAN, APPELLANT, v. WILLIAM F. SULLIVAN, APPELLEE.

224 N. W. 2d 542

Filed January 2, 1975. No. 39541.

Warren C. Schrempp and Thomas G. McQuade of Schrempp, Bruckner & Dinsmore, for appellant.

Michael J. Dugan of Costello & Dugan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This is an action for the dissolution of a marriage. The trial court dissolved the marriage; awarded child support and custody of Susan, the minor child of the parties, to the petitioner; and made a division of the property. Each party was ordered to pay his own costs and attorney's fees.

The petitioner has appealed and contends the trial court should have awarded alimony and a greater share of the property to her, should have allowed her an attorney's fee, and should have taxed all costs to the respondent.

The parties were married in 1947. They have four children, three of whom were of age at the time of the trial. Susan became 19 on September 9, 1974. The petitioner is 47 years old and apparently in good health except for a hearing problem. She has not been employed and has no special skills or training. The respondent is 53 years of age and employed as a bookkeeper by Latham Enterprises, a subsidiary of Zimmerman Feed Yards. His gross earnings are $705 per month.

The trial court awarded the following property to the petitioner: The residence of the parties valued at $50,000 and subject to a mortgage of $17,500; furniture valued at $4,000; a 1972 Ford automobile; 245 shares of

Jolenco stock and all other money and stocks in her name amounting to approximately $42,800; personal effects and personal property in her possession; and one-half of an escrow account.

The respondent was awarded a 1971 Chevrolet automobile; all shares of Meadow Oaks and Latham Enterprises, Inc., common stock and 5 shares of Jolenco common stock in his name; his insurance policies, personal effects, and personal property in his possession; and one-half of the escrow account. The trial court also canceled three promissory notes signed by the respondent and payable to the petitioner totalling $12,350.

The petitioner's principal contention is that the property division made by the trial court did not restore to her the value of property which she received by inheritance or gift during the marriage. This consisted of a one-fourth interest in 80 acres of land and approximately $30,000 from the sale of land that had belonged to her father. The Jolenco Corporation was organized to develop the 80-acre tract. The petitioner received dividends of approximately $74,000 from the sale of that land. The $42,800 in money and stocks in her name represents the amount remaining from the $104,000. The balance was used for taxes, a vacation in Hawaii, the Ford automobile, college expenses of the children, construction of the home, loans to the respondent, and household and living expenses.

During the marriage the respondent received gifts and bequests amounting to $17,500 which were used for living expenses. Both the Meadow Oaks stock and the Latham Enterprises stock are subject to mortgages. The Meadow Oaks project is a land development venture of uncertain value. The Latham Enterprises stock pays no dividends. The respondent has borrowed substantially the entire cash value of his insurance policies.

The division of property and the issue of alimony may be considered together. They are to be determined upon a consideration of all the facts and circumstances.

: The property division made by the trial court here was an award to the petitioner of substantially all the property that was of value. The respondent had but a modest income and there was no reasonable basis for an award of alimony in addition to the property assigned to the petitioner.

In regard to attorney's fees and costs the trial court is empowered to "decree costs against either party." § 42-367, R. R. S. 1943. The award of attorney's fees and the taxing of costs is discretionary. In view of the division of property made in this case, the trial court was justified in ordering each party to pay his own costs and attorney's fees.

The judgment of the District Court is affirmed.

AFFIRMED.