DORIS M. GRUMMERT, APPELLEE, v. ORLAND W. GRUMMERT, APPELLANT.

237 N. W. 2d 126

Filed December 31, 1975. No. 40162.

Robert F. Lammers and James P. McKernan, for appellant.

Baldwin & Koenig, for appellee.

Heard before SPENCER, BOSLAUGH, and BRODKEY, JJ., and WARREN and VAN PELT, District Judges.

VAN PELT, District Judge.

This is an action for dissolution of marriage, brought by Doris M. Grummert, wife and appellee, against Orland W. Grummert, husband and appellant. The District Court dissolved the marriage, awarded custody of two daughters to the wife and custody of one son to the husband, provided for the payment of child support for the two daughters, divided the household furnishings and personal effects, awarded the real estate, crops, farm equipment, and livestock to the husband, and ordered a $52,000 lump sum payment from the husband to the wife.

The husband appeals, challenging the valuation and division of property, and in particular the $52,000 payment to the wife. The items of property, the valuations of which are disputed, consist of 120 acres of improved and irrigated farm land in Jefferson County, Nebraska, livestock, crops, farm machinery, and motor vehicles.

In 1948 the parties married, and in 1950 they moved onto the real estate in question, then owned by the husband's father. They both lived on and farmed this property until their separation in March of 1974. The husband has continued to reside thereon since. In February of 1970 the husband's father executed a deed to the premises conveying title to the parties as joint tenants, subject to a mortgage of $9,500. There is evidence of a parol agreement under which the parties agreed to pay to the husband's father one-fifth of all crops and ASC payments during his lifetime. This agree-

ment was never reduced to writing, was therefore not recorded, and there were no reservations or restrictions referring to the same appearing on the recorded deed.

The District Court valued the real estate, less the mortgage, together with the growing crops, farm machinery, farm cooperative investment, and cash on hand, at $150,000. The court further found the liabilities of the parties, other than the real estate mortgage, to be $20,000, arriving at a total net worth of the parties, less the household goods and personal effects previously mentioned, of $130,000. The court awarded the real estate and other property included in the total valuation of $150,000 to the husband, ordered that he pay the $20,000 of miscellaneous debt, and further ordered a lump sum payment of $52,000, payable to the wife from the husband, the same to be a lien against the real estate and drawing 8% interest from and after August 1, 1975.

The husband challenges the $52,000 payment on the grounds that: (1) The real estate was a gift from his father and not a part of the marital estate; and (2) the valuation of the real estate by the trial court was excessive, and, therefore, the $52,000 lump sum payment to the wife is an excessive proportion of the marital estate.

The husband contends that since the conveyance of the real estate was from his father, the same constituted a gift to him alone. This contention is in direct conflict with the recorded legal title which was conveyed to both parties jointly. The only evidence of any intent to convey the property to the husband alone was objected to as being nonresponsive and the objection was properly sustained by the trial court. If it had been the father's intent to give the property to his son alone, the deed could easily have been so drawn.

This court has held in some instances that it will look behind the legal title, and decree according to the equities of the situation. Fotinos v. Fotinos, 184 Neb. 486, 168 N. W. 2d 698; Tavlin v. Tavlin, 194 Neb. 98,

230 N. W. 2d 108. However, the above-cited cases involved marriages in which one spouse made a substantially greater contribution to the property in question than the other.

The evidence in the instant case is to the contrary. Although the parties did not take joint title until 1970, they worked on and improved the premises for 20 years prior to that date, as well as during the 4 years subsequent thereto. The wife helped with the chores, baling hay, planting, irrigating, and harvesting the crops, helped raise hogs, assisted in the milking, painted buildings, and helped shingle the house, in addition to the customary domestic and household duties and the raising of the children.

The contribution of both parties to the real estate from 1950 to 1970 was substantially the same as if they had been purchasing the same on contract. The father undoubtedly realized this in conveying the property jointly. Thus, in looking both at the legal title, as well as behind the same to the equities of the situation, the District Court properly included this real estate in the marital estate.

The husband next contends that the real estate was excessively valued. He did not testify directly as to the value, other than to state that a Production Credit Association worksheet completed in February of 1975 was correct. This worksheet valued the real estate at $60,000, and the cash, livestock, crops, cooperative stock, and equipment at approximately $54,000. The husband also offered the deed, which contained a Nebraska documentary stamp tax indicating a value of $16,000. The husband offered no expert testimony as to value. Both the wife and her expert witness testified that the value of the real estate was $120,000. Thus, there is ample evidence in the record, including the only evidence from a licensed real estate broker and appraiser, to sustain the total value of $150,000 placed upon the property by the District Court.

The husband finally asserts that the trial court's division is so unfair and inequitable that he will be unable to pay the $52,000 lump sum payment, without selling the farm, which is contrary to his father's intention. This contention is based upon fear, rather than fact. The record reveals an existing encumbrance of only $8,900; and the trial court provided for the subrogation of the liens created by the decree in order to facilitate long-term financing by the husband. Once this financing is accomplished, the income from the 120-acre farm, plus leased land, 260 acres of which is irrigated, and considering the availability of some $25,000 worth of farm machinery, trucks, and equipment, should generate sufficient income to support the husband, meet his support obligation, and service all indebtedness.

While in a divorce action the case is to be tried de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Tavlin v. Tavlin, *supra.*

The rule for determination of alimony or division of property in a dissolution action provides no mathematical formula by which such award can be determined and, generally speaking, awards vary from one-third to one-half of the property involved, depending on facts and circumstances in each particular case. The trial court shall act within its sound discretion to divide the marital property and to allow alimony according to the facts of the case, and not according to any fixed rule or mathematical formula. Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430.

The question of alimony and division of property may be considered together. Sullivan v. Sullivan, 192 Neb. 841, 224 N. W. 2d 542. Section 42-365, R. S. Supp., 1974, which was amended in 1974, now provides that in determining both the payment of alimony and the division of property, the court shall have regard for the circumstances of the parties, duration of the mar-

riage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the abilities of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party.

A judgment of the trial court fixing the amount of alimony or making distribution of property will not be disturbed on appeal unless it is patently unfair on the record. Tavlin v. Tavlin, *supra*. Upon dissolving a marriage, a trial court has the legal right to assign the property, both real and personal, acquired during the marriage by the joint efforts of the parties, title to which is held jointly by them, as the equities require. Hoffmeyer v. Hoffmeyer, 157 Neb. 842, 62 N. W. 2d 138; Jablonski v. Jablonski, 173 Neb. 544, 114 N. W. 2d 1. In viewing the division of property made by the trial court in the light of the above-stated criteria, the division ordered is well within said guidelines, and, therefore, should be affirmed.

The decree provided that the $52,000 lump sum payment be made on or before August 1, 1975, draw 8% interest, and be subject to foreclosure from and after said date. Due to the passage of time involved in this appeal, the decree should be modified to provide that said sum of $52,000 shall draw interest at 8% from and after August 1, 1975, but need not be paid until May 1, 1976, and the wife shall not have the right to foreclose said lien for the same until on or after May 1, 1976.

Appellee's attorney should be allowed a fee in the sum of $500 for services in this court, the same to be taxed as costs to the appellant herein.

AFFIRMED AS MODIFIED.