DOROTHY M. MANGUM, APPELLEE, V. HARVEY P. MANGUM, APPELLANT.

249 N. W. 2d 207

Filed January 12, 1977. No. 40723.

Griffiths & Gildersleeve, for appellant.

Casey and Elworth, for appellee.

Heard before SPENCER, NEWTON, and BRODKEY, JJ., and HASTINGS, District Judge, and KUNS, Retired District Judge.

HASTINGS, District Judge.

This is an action for the dissolution of a marriage. The trial court dissolved the marriage, awarded child support and custody of Stephen, the 14-year-old minor child of the parties, to the petitioner, made a division of property, and granted petitioner alimony and attorney's fees.

The respondent has appealed and contends the trial court should not have awarded alimony, and that the property division was inequitable and the child support excessive.

The parties were married in 1949. Although two children were born to this couple, their daughter married and became emancipated prior to these proceedings and only their son, born November 5, 1962, was

involved in this action. He is in good health except that he has one artificial eye which requires an annual medical examination.

Petitioner is 53 years old, in good health, and has no special skills or training. She has operated a used clothing store during the last 9 years or so, handling merchandise on a consignment basis so that the asset value of the business is practically nil. She puts in about 4 hours per day, but hopes to expand the operation "after this is over." The last 2 years have been her best, both averaging about $2,500 per year net income.

Respondent apparently is 53 years old, but he has been an over-the-road truck driver most of his working life. In the year 1974 his gross wages were $14,-427.22, out of which he had to pay his food and lodging on the road for 292 or 293 days amounting to $4,907. In 1975 his gross earnings were $13,537.36, and his road expenses were higher, but he didn't know how much.

The trial court awarded to the petitioner the family home valued at $10,000, subject to a $2,755 mortgage, household goods and furniture valued at $500, and a 1967 Ford automobile. In addition, respondent was ordered to pay $6,000 in alimony payable $100 per month for 60 months. Respondent was given a power lawn mower worth $50, a small motorcycle worth less than $300, a 1963 Buick automobile, and his clothing and personal effects. He was directed to pay $50 per week child support; to continue to provide medical insurance to include the minor son, which total insurance presently costs respondent $56.22 per month; to pay an Avco Finance bill of approximately $600; and to pay $350 to apply on fees to petitioner's attorney.

"The division of property and the issue of alimony may be considered together. They are to be determined upon a consideration of all the facts and circumstances." Sullivan v. Sullivan, 192 Neb. 841, 224 N. W. 2d 542 (1975).

The only property of any substantial value was the family home which was awarded to petitioner. This is as it should be as it is the most practical and reasonable solution to the problem of providing a place in which she may raise the minor child. The rather modest income of the respondent affords no reasonable basis for additionally awarding alimony to petitioner and that portion of the decree should be eliminated.

"In determining the amount of child support to be awarded, the status, character, and situation of the parties and all attendant circumstances must be considered. * * * We have stated that the decision of a trial court in awarding child support will not be disturbed on appeal unless it appears that the court abused its discretion." Lynch v. Lynch, 195 Neb. 804, 241 N. W. 2d 123 (1976).

Considering respondent's earnings and that of the petitioner, the award of child support was significant, but not excessive so as to constitute an abuse of judicial discretion.

AFFIRMED AS MODIFIED.