ALVINA A. REMMERS, APPELLANT, V. TERRY LEE
REMMERS, APPELLEE.

264 N. W. 2d 857

Filed April 19, 1978. No. 41408.

Jack L. Craven, for appellant.

Anne P. Carstens, for appellee.

Heard before WHITE, C. J., BOSLAUGH, and WHITE, JJ., and WARREN and KORTUM, District Judges.

WHITE, C. THOMAS, J.

This is an appeal from a property division and child-support award entered by the District Court in a marriage dissolution action. Appellant-wife appeals, alleging that the trial court abused its discretion in the property division and in awarding child support of $100 per month per child until the child reaches the age of 19 years or is emancipated. Custody of the children was awarded to appellant.

The parties were married in 1958. Three children,

ages 18, 15, and 12 at the time of trial, were born of the marriage. The three children resided at home. The wife had been a full-time housewife until May 24, 1976, when she became employed by Hy-Gain Electronics. She took employment with Dorsey Laboratories during a temporary layoff at Hy-Gain Electronics. She then returned to Hy-Gain Electronics where she was again laid off.

The husband farms 770 acres of land in Lancaster and Gage Counties, of which he and the appellant own 150 acres in joint tenancy. The balance of 620 acres is rented from his father and aunt. Two hundred forty-seven acres of the rented land are irrigated, 113 acres are in dryland crops, and 260 acres of pasture and hay ground are used jointly with others. The acreage rented is based upon two-fifths share of crops to the landlords and three-fifths to appellee as tenant. Fertilizer is shared on a 40-60 basis. The farmland and home where the parties resided is rented from the husband's father at $3,000 annually.

The trial court awarded to the appellant a 1970 Ford automobile on which she is to assume the indebtedness. No value was given for this automobile. The appellant also received a 1974 Oldsmobile which is used by the parties' son and valued at $3,700. She received household goods valued at approximately $3,500 and $60 in her checking account. In addition, the appellee was ordered to pay alimony of $14,000. This sum was to be paid as follows: $1,000 on September 1, 1977, and $1,000 each March 1 and September 1 thereafter until the requisite amount is paid. Appellant was allowed to remain in the farm home until March 1, 1978; at that time the appellee could resume occupancy. The appellee was ordered to pay the electrical bills of the residency while it was occupied by the appellant.

The appellee was awarded the 150 acres of real estate owned by the parties and was to assume the in-

debtedness thereon. This property was valued by the appellee at $60,000. Less the mortgage debt of $31,175, the net value of the land is $28,825. The appellee's father gave him $6,600 to make the downpayment on the land. The machinery received by appellee was valued at $36,000, less an indebtedness of $23,178, for a net value of $12,822. The appellee's herd of cattle he received has a net value of $866. The appellee received a 1976 Cadillac automobile valued at $12,000, less an indebtedness of $3,500, for a net value of $8,500. A 1976 Ford pickup truck, having a net value of $325 after indebtedness, and a 1950 refurbished Ford automobile, for which no value was given, were also awarded to appellee. The appellee received $476 in his checking account and stock in farmers' cooperative elevators valued at $4,974.

The appellant was receiving a gross salary of $120.80 per week at Hy-Gain Electronics. She testified that she was eligible for unemployment which she felt she would be receiving in a short time. The appellee's income tax statements show income for the years 1974, 1975, and 1976 as follows: 1974, a gross income of $65,795.45 and a net income of $17,636.31; 1975, a gross income of $59,428.79 and a net income of $7,324.99; 1976, a gross income of $56,122.78 and a net income of $8,943.01.

The appellant assigns as error the admittance into evidence of exhibit 6. Exhibit 6 is a three-page statement prepared by appellee showing his assets and liabilities. The exhibit is an itemized statement of value and indebtedness as reflected in the testimony of the parties at trial. Some of the figures, such as the depreciation of machinery and the operating expenses of farming, are reflected in income tax statements received into evidence. Since the exhibit in issue is essentially a summary of testimony already in evidence when such exhibit was received, the trial judge did not err in receiving it.

The appellant's other assignments of error relate generally to the amount of child support awarded and the division of property. The decision of a trial court in awarding child support will not be disturbed on appeal unless it appears that the court abused its discretion. See Mangum v. Mangum, 197 Neb. 350, 249 N. W. 2d 207. The appellant testified the food bill for her and the children runs $200 to $250 a month and clothing expenses are generally $50 per month. Medication for the children runs approximately $15 per month. In the matter of child support, while the father has the primary responsibility to support his children, the trial court should not ignore the ability of the mother. It has the responsibility of adjusting the equities between the parties. See Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89. The record shows the appellant is capable of being gainfully employed and contributing to the support of the children. In light of this circumstance, we cannot say the trial court abused its discretion.

A judgment of the trial court fixing the amount of alimony or making distribution of property will not be disturbed on appeal unless it is patently unfair on the record. See Grummert v. Grummert, 195 Neb. 148, 237 N. W. 2d 126. The record discloses that the parties had net assets totaling $57,448. This amount includes the value of the farmland, cattle, Cadillac and Oldsmobile automobiles, pickup truck, farm machinery, household goods, money in the parties' checking account, and the stock in the grain cooperatives. The $6,600 downpayment the appellee's father gave him to make the downpayment on the land has been deducted from the net value of the land in the above figures. The appellant received assets totaling $21,260, which include the $14,000 alimony, the Oldsmobile automobile, and household goods. The appellee has received $36,188.

In determining the question of alimony and division of property, the court shall have regard for

the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. See § 42-365, R. S. Supp., 1976. Here, the marriage was of significant duration. The appellant made valuable contributions to the marriage by managing the house and caring for three children. We note the limited earning capacity of the appellant because of her current lack of marketable skills. We feel the trial court abused its discretion in not allowing the appellant a more equitable share of the value of the net assets the parties accumulated. We hold that the appellant is entitled to a $6,000 additional property settlement. This sum is to be paid in $500 installments commencing September 1, 1978, and $500 each March 1 and September 1 thereafter, until paid. Any delinquent installments on these payments shall draw 8 percent annual interest. Appellant is awarded $1,000 attorney's fee for services in this court.

The decision of the District Court is affirmed as modified.

AFFIRMED AS MODIFIED.