BETTY LOU SCARPINO, APPELLEE, v. EUGENE JAMES SCARPINO, APPELLANT.

270 N. W. 2d 913

Filed October 25, 1978. No. 41655.

William E. Pfeiffer of Spielhagen, Pfeiffer & Miller, for appellant.

Margaret S. Galstan, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is an action to modify the terms of a divorce decree with respect to the custody and support of a minor child. The District Court granted custody of the minor daughter to the father; terminated the father's obligation to pay child support; and denied the father's prayer for child support from the mother. The father has appealed. The sole issue on the appeal is whether the court erred in refusing to order the mother to pay child support.

In October 1971, the petitioner, Betty Lou Scarpino, filed a petition for divorce against the respondent, Eugene James Scarpino. Two children had been born to the marriage; Gary Dean, born September 30, 1959, and Keri Lynn, born August 15, 1963. On January 3, 1972, a decree of divorce was entered which awarded custody of the two minor children to the petitioner and ordered respondent to pay child support of $150 per month per child. On March 21, 1972, by agreement of the parties, custody of the minor children was awarded to the respondent and child support obligations terminated. On November 7, 1974, again by agreement of the parties, custody of the minor children was placed in the court and possession of the children was awarded to

the petitioner and the respondent was ordered to pay child support of $100 per month per child until December 1975, at which time respondent was ordered to pay the sum of $150 per month per child, to continue until the children married, died, or became emancipated.

On October 28, 1976, the respondent husband filed his petition to modify the decree by granting possession of the daughter, Keri Lynn, to the respondent, and terminating respondent's obligation for child support for both children as of September 1, 1976. The respondent prayed that the petitioner be required to assist in the cost of child support for Keri Lynn. The petitioner's answer prayed that possession of Keri Lynn be granted to the parent most capable of properly caring for her, taking into account her own wishes and desires. Trial was held on July 19, 1977.

The evidence at trial established that Gary Dean was married on December 29, 1976, and was emancipated. The evidence also established that Keri Lynn had been living with the respondent since September 1, 1976, and preferred to live with him.

Respondent's gross salary as a police captain was $1,600 per month, and his take-home pay was approximately $1,200 per month. He had remarried and his present wife and her three children lived with him in his home. His present wife is employed and also has some investment income and is receiving child support for her children from her former husband. The respondent testified that the cost of support of Keri Lynn was approximately $150 per month.

Petitioner was unmarried and was employed by an insurance company. Her take-home pay was $357.81 per month. She testified that her absolutely necessary living expenses were $305.52 per month. That amount did not include any amounts for clothing, medical bills, or any other emergencies. The

petitioner also received interest income of approximately $35 per month from insurance proceeds.

The District Court determined that not only possession but custody of the minor child should be changed. The court awarded custody of Keri Lynn to the respondent and terminated his obligation to pay child support, effective September 1, 1976. The court also denied respondent's application praying that petitioner be required to pay some amount of child support.

The respondent contends that the adoption of the new dissolution of marriage statutes in Nebraska in 1972 altered the former rules as to child support, and that under the new statutes the trial court should have required the petitioner to pay some amount of child support.

Prior to July 6, 1972, the effective date of the new statutes, section 42-311, R. S. Supp., 1971, of the old divorce law, provided that "upon decreeing a divorce, * * * the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain." In the new dissolution of marriage statutes of 1972, that section became section 42-364, R. S. Supp., 1972. That section then read in part: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in court custody * * *." There was no real difference in the language as to child support between the old divorce statutes and the new dissolution of marriage statutes. In 1974, section 42-364 was amended once more. The 1972 language as to child support remained intact but the 1974 amendment added an additional provision: "(3) In determining the amount of child support to be paid by a parent, the court

shall consider the earning capacity of each parent. * * *." That language obviously constitutes a very slight addition to the statutory provisions as to child support.

Prior to the adoption of the dissolution of marriage statutes this court consistently applied the rule that "independent of the assets of the wife, the father is primarily liable for the support of his children." Benton v. Benton, 187 Neb. 205, 188 N. W. 2d 685; Trautman v. Trautman, 184 Neb. 202, 166 N. W. 2d 415. Under the new dissolution of marriage statutes this court recently held: "In the matter of child support, while the father has the primary responsibility to support his children, the trial court should not ignore the ability of the mother. It has the responsibility of adjusting the equities between the parties." Remmers v. Remmers, 200 Neb. 647, 264 N. W. 2d 857.

In Hermance v. Hermance, 194 Neb. 720, 235 N. W. 2d 231, this court considered a contention that the amount of child support was excessive and improper because the trial court failed to consider the earning capacity of each parent as required by section 42-364 (3), R. S. Supp., 1974. We said: "This court has held that in determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. In determining those circumstances, the financial position of the husband as well as the estimated costs of support of the children must be taken into account."

Those rules are clearly applicable in the present case. The respondent's income is almost four times the income of the petitioner. There is no evidence as to the respondent's necessary living expenses, while the evidence is that the petitioner's total income is barely sufficient for her own support. Any comparison of the status, character, and situation of the parties, and the attendant circumstances, includ-

ing the earning capacity of each parent, compels the conclusion that the District Court was correct in refusing to require the petitioner to assist in the cost of supporting the minor child.

The determination of custody and fixing of child support rests in the sound discretion of the trial court, and in the absence of an abuse of discretion will not be disturbed on appeal. Greenfield v. Greenfield, 200 Neb. 608, 264 N. W. 2d 675. There was no abuse of discretion here.

The judgment of the District Court is affirmed.

AFFIRMED.