GUY R. PATTON, APPELLEE, v. ELIZABETH A. PATTON,
APPELLANT.
279 N. W. 2d 627

Filed June 5, 1979. No. 42271.

William M. Connolly of Conway and Connolly, for appellant.

State & Yeagley, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and KNEIFL, District Judge.

KNEIFL, District Judge.
This is an action for dissolution of marriage brought by Guy R. Patton, petitioner and appellee, against Elizabeth A. Patton, respondent and appellant. The trial court found the marriage to be irre-

trievably broken, made a property division between the parties, and awarded the respondent alimony and attorney's fees. The respondent filed a motion for new trial which was overruled and she now appeals. We affirm the decree of the District Court. The question on appeal was the division of the property and the amount of alimony granted the respondent.

Guy R. Patton, hereinafter referred to as petitioner, and Elizabeth A. Patton, hereinafter referred to as respondent, were married at Lusk, Wyoming, on the 10th day of September 1947. At the time of the trial of the dissolution proceedings, both were 57 years of age. The petitioner had completed the eighth grade and the respondent had received a high school education. It was the petitioner's first marriage and respondent's second marriage. The respondent's first husband was killed during World War II while in the military service. After the marriage of the parties, they resided at Franklin, Nebraska, where the petitioner was employed as a body and fender man at a motor company located in Franklin, Nebraska. Neither party brought into the marriage any real property. The respondent had some proceeds from her deceased husband's life insurance policy in a disputed amount. Immediately after the marriage the parties rented their home and petitioner continued his employment as a body and fender man for a short time. He subsequently purchased equipment and opened a body and fender shop. Some of the respondent's money from the insurance proceeds was used to purchase equipment for the shop. The petitioner sold the body and fender business in 1951, rented some farm ground, and commenced a farming operation. The petitioner borrowed farm machinery from his father to begin the farming operation. The parties continued a ranching and farming operation until the time of the commencement of the dissolution action in December of

1977. The respondent and her brothers received an inheritance in 1956. In 1957, the respondent and her brothers divided the inheritance and, as respondent's share, she received 320 acres of pastureland and $6,500 in cash. During the marriage the parties also acquired the following real estate: 294 acres of farm ground and an additional 480 acres of pastureland. In 1967 and 1969, the parties purchased a home and 6 acres surrounding it. They also acquired personal property. There is a conflict in the evidence as to the value of the parties' holdings at the time of the commencement of the dissolution action.

Evidence was received as to the value of the parties' holdings from petitioner's appraiser as follows: The 320 acres of pastureland inherited by Mrs. Patton, $81,600; the resident property (6 acres), $28,500; a 1977 Chevrolet Caprice automobile, $5,000; household goods and personal effects of the parties, $8,563; the 294 acres, $161,575; the 480 acres of pastureland, $115,200; and farm machinery, a 1978 Chevrolet pickup, and a 1963 Ford truck, $33,900.

Evidence was received as to the value of the parties' holdings from respondent's appraiser as follows: The 320 acres inherited by Mrs. Patton, $81,600; the resident property (6 acres), $28,000; the 1977 Chevrolet Caprice automobile, $5,000; the household goods and personal property, not appraised; the 294 acres, $169,150; the 480 acres of pastureland, $127,200; and the farm machinery, the 1978 Chevrolet pickup, and the 1963 Ford truck, $38,615.

In addition, the parties had, in cash, $109,773.21, and respondent had either $3,000 or $3,600 in her checking account depending upon which version of the testimony was accepted.

Respondent, during the marriage, was not employed outside the home, but she performed the duties of a housewife and assisted her husband in the farming and ranching operation. From 1951, peti-

tioner devoted his full time to the farming and ranching operation.

No children were born of the marriage. However, during the marriage a retarded child was adopted by the parties, who at the time of trial was a ward of the state, and neither party had any obligation for the support of the child. At the time of the trial the parties owed no debts.

The trial court, in June of 1978, entered an order dividing the property as follows: To the respondent, Mrs. Patton, the 320 acres of pastureland valued at $81,600, a lump sum award in the amount of $50,000, the 1977 Chevrolet Caprice automobile valued at $5,000, the residence and 6 acres valued at $28,500, the household furnishings and personal property in her possession valued at $5,353, and her checking account valued at $3,000 or $3,600, whichever testimony was accepted by the trial court. She was also awarded alimony in the amount of $300 per month to continue until such time as she remarries, becomes deceased, or there is further order of the court.

To the petitioner, the remainder of the real estate which was 294 acres of farmland and the 480 acres of pastureland, personal property in the petitioner's possession in the amount of $3,210, the farm machinery and equipment, including the pickup and truck, valued at $33,900, and the balance of cash on hand in the amount of $56,173.21.

The record discloses that during the marriage all business was transacted from a joint banking account. The net income of the parties for the year 1975 was $9,662, for the year 1976 was $18,995, and for the year 1977 was $14,523.

At the time the trial court entered its order dividing the property, the petitioner had disposed of all the livestock from the ranching operation. However, he had planted the 1978 crop.

There is a dispute in the record as to the relative contribution by the petitioner and respondent to the

farming and ranching operation during the marriage. Evidence was received by the trial court to the effect that for the past 15 years, prior to the commencement of the dissolution proceedings, respondent was in poor health suffering either from a nervous condition or addicted to the use of alcohol.

Respondent contends on appeal that the division of the marital property and award of alimony is patently unfair and indicates the trial court abused its discretion in awarding the division of property and the amount of alimony.

In an appeal of an action for dissolution of a marriage, the Supreme Court is required to try the case de novo and reach independent conclusions on the issues presented by the appeal without referring to the conclusions or judgment reached in the District Court. § 25-1925, R. R. S. 1943; Barnes v. Barnes, 192 Neb. 295, 220 N. W. 2d 22; Seybold v. Seybold, 191 Neb. 480, 216 N. W. 2d 179. However, this court has said while in a divorce action the case is to be tried de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of facts rather than the opposite. Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108.

The trial court in this case divided the property and gave the respondent an award of alimony as hereinbefore set forth. In Mangum v. Mangum, 197 Neb. 350, 249 N. W. 2d 207, and Sullivan v. Sullivan, 192 Neb. 841, 224 N. W. 2d 542, this court held that the division of property and the issue of alimony may be considered together.

Using the mortality tables in volume 2A of Nebraska Reissue Revised Statutes of 1943, p. 997, the respondent has a life expectancy of 15.59 years and the alimony granted the respondent at $300 per month computes to a total of $56,124. Considering the alimony awarded with the real and other personal property granted the respondent, regardless of

which appraisal was accepted by the trial court, it amounts to approximately a 40-60 split between the respondent and the petitioner. The rule for determination of alimony or division of property in dissolution actions provides no mathematical formula by which such an award can be determined and, generally speaking, awards vary from one-third to one-half the property involved depending on the facts and circumstances in each particular case. Kula v. Kula, 181 Neb. 531, 149 N. W. 2d 430; Grummert v. Grummert, 195 Neb. 148, 237 N. W. 2d 126; Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466.

The division made by the District Court in this case falls well within the guidelines established by the numerous decisions of this court. At the time the trial court entered its order dividing the property, the petitioner had disposed of the livestock in the ranching operation. The trial court in its decree awarded the petitioner the balance of the cash, the farmland, the 410 acres of pastureland, and the machinery, all of which are necessary if the petitioner is to continue his farming and ranching operation. The record reveals that the parties' income is derived 50 percent from raising cattle in the ranching operation and 50 percent from the farming operation. In Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618, this court stated that where a wife is awarded alimony the court should divide the property in such a manner as to permit the husband the means of paying the judgment awarded to the wife. The record in this case clearly reflects that the petitioner, without the ranching and farming operation, has no means of producing income to pay the alimony award to the respondent.

A judgment of the trial court making a distribution of property and fixing the amount of alimony will not be disturbed on appeal unless it is patently unfair on the record. Tavlin v. Tavlin, *supra*.

In reviewing the division of the property and the

award of alimony made by the trial court, and considering the record as a whole, it is well within the guidelines established by this court. The decree of the District Court is correct and is therefore affirmed.

AFFIRMED.