PATRICIA ANN BOROFF, APPELLEE AND CROSS-APPELLANT, v. EUGENE ALLAN BOROFF, APPELLANT AND CROSS-APPELLEE.

281 N. W. 2d 760

Filed July 31, 1979. No. 42194.

William G. Line of Kerrigan, Line, Martin & Hanson, for appellant.

Thomas R. Wolff, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, and WHITE, JJ., and RONIN and HAMILTON, District Judges.

HAMILTON, District Judge.

This is an appeal from the modification of a decree of dissolution alleging the amount of child support fixed by the trial court was excessive.

The petitioner cross-appeals from a refusal of the trial court to award attorney's fees for petitioner's efforts in the trial court.

In previous proceedings the father had received custody of the two children of the marriage; subsequently, the daughter Vicki expressed a desire to

live with her mother and an application to change custody was prepared and filed. The matter was set for hearing and on the morning of the hearing the parties stipulated to a change of custody and the matter proceeded on the question of the amount of child support.

The hearing commenced at 10:10 a.m., and concluded at 11:43 a.m., with the parties as the only witnesses, at which time the trial court entered an order changing custody of Vicki Boroff from respondent to petitioner and ordered the respondent to pay petitioner the sum of $300 per month as child support, but denied an award of attorney's fees for petitioner.

The petitioner works at a cafe. Her net earnings are $300 per month and she receives an additional $150 per month under the terms of her property settlement, which will continue through 1982.

The respondent has remarried, has the former family house, and has purchased a new house in Valley, Nebraska. Both houses are subject to mortgages, which requires respondent to pay much higher house payments than normal, until such time as one of the houses is sold. Respondent is postmaster at Valley, Nebraska, and his present wife is a public accountant. His son Robert attends high school. At the time of the hearing respondent's gross salary was $18,687 per year, with a net take-home pay of $1,039 per month.

Both parties testified to having expenses that exceeded their net incomes.

While in a divorce action the case is to be tried de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of facts rather than the opposite. Patton v. Patton, 203 Neb. 638, 279 N. W. 2d 627 (1979). Obviously a trial court weighs the credibility of the witnesses and the evidence and determines what evidence should be given

the greater weight in arriving at a factual determination on the merits. The testimony need not be accepted in its entirety and the trier of fact must use a commonsense approach and apply that common knowledge which is understood in the community.

There is no mathematical formula for computing child support awards and each case must stand on its own facts. In determining the amount of child support to be awarded, the status, character, and situation of the parties, and all attendant circumstances, including the financial position of the husband and wife, must be considered. Scarpino v. Scarpino, 201 Neb. 564, 270 N. W. 2d 913 (1978). A resort to other cases, although similar factually, cannot be determinative of the child support issue, since each case requires subjective reasoning and analysis based on the evidence and witnesses before the court.

Respondent seeks to compare the award with prior cases before this court where lesser amounts have been approved. Without lengthy detailing of the evidence in each case, it is sufficient to say that all cases are distinguishable and of limited value in measuring the propriety of an award. In determining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. Brus v. Brus, 203 Neb. 161, 277 N. W. 2d 683 (1979). The proper method of determining whether a trial court abused its discretion must be based on facts in the record and not from extrinsic criteria.

The decision of the trial court in awarding child support will not be disturbed on appeal unless there appears a clear basis, in the record, for finding that the trial court abused its discretion. Scarpino v. Scarpino, *supra.*

The decision of the trial court is entitled to great weight when the review is de novo in this court. Harding v. Harding, 174 Neb. 371, 117 N. W. 2d 800 (1962).

Petitioner on her cross-appeal implies that statutorily allowed attorney's fees under section 42-351, R. R. S. 1943, are mandatory and the failure to grant a fee is automatically an abuse of discretion. The statutory allowance is discretionary with the trial court and is based upon factors as set out in Campbell v. Campbell, 202 Neb. 575, 276 N. W. 2d 220 (1979).

"The award of attorney's fees involves consideration of such factors as the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation of the case, the skill devoted to preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services." Weber v. Weber, 200 Neb. 659, 265 N. W. 2d 436 (1978).

The trial court did not abuse its discretion in the award of child support or the disallowance of attorney's fees. The judgment of the District Court is affirmed. The petitioner is awarded a fee of $500 for services of her attorney in this court.

AFFIRMED.