VIOLET H. CAGLE, APPELLEE AND CROSS-APPELLANT, V.
LEWIS VERNON CAGLE, APPELLANT AND CROSS-APPELLEE.
290 N. W. 2d 192

Filed March 18, 1980. No. 42626.

Norman H. Wright of Fraser, Stryker, Veach, Vaughn, Meusey, Olson & Boyer, P.C., for appellant.

Michael P. Cavel of Emil F. Sodoro, P.C., for appellee.

Heard before KRIVOSHA, C. J., BRODKEY, and HASTINGS, JJ., and REAGAN and NORTON, District Judges.

REAGAN, District Judge.

This is an action to modify alimony and child support provisions of a divorce decree. From an order reducing the alimony payments, Mr. Cagle has appealed, contending an abuse of discretion by the trial court. Appellee has cross-appealed claiming an abuse of discretion in reducing child support payments.

The parties were divorced in 1972. They owned a family corporation known as Cagle, Inc., which was engaged in the drywall construction business. The company had been formed by Mr. Cagle a few years prior to their marriage with a capital investment of $3,000. The company prospered with gross sales of nearly $5 million for the year preceding the divorce. According to financial statements submitted by appellant, his net worth was approximately $500,000 in July of 1971, and it increased to just over $1.5 million as of September 1972. The parties had been married for nearly 7 years, had two chldren of their own, and appellee adopted two children from Mr. Cagle's first marriage. At the time of the divorce, Mr. Cagle was drawing a salary of $52,000, plus other income of approximately $20,000 and fringe benefits. Appellee was unemployed. By the terms of the property agreement and decree, Mr. Cagle received all the stock in Cagle, Inc., as well as other marital properties. Mrs. Cagle received cash and property totaling $90,000, alimony of $1,000 per month for 275 months or until her death, custody of the two children born of the marriage, and child support of $300 per month per child.

In 1977 Cagle, Inc., suffered severe financial setbacks which resulted in an adjudication of bank-

ruptcy. Appellant's employment and income from the corporation ceased. Mr. Cagle then engaged in the management of three apartment units, did some consulting work, and has now formed a new corporation to engage in construction activities. He presently draws an annual salary of $25,000 plus fringe benefits. He has remarried and adopted a daughter of his present wife. They have maintained a lifestyle that is not suggestive of the income reduction alleged, such as the breeding of racehorses, trips to Las Vegas to engage in gambling, and purchase of a Jaguar automobile with monthly payments of nearly $600.

Appellee has remained single. She is unemployed although she has some bookkeeping skills. The children in her custody were 12 and 10 years of age at the time of hearing, and the family living expenses for 1977 were approximately $16,500.

After a full evidentiary hearing, the trial court reduced the alimony award from $1,000 per month to $700 per month, but extended the term during which it was to be paid. The child support was reduced from $300 per month per child to $200 per month per child. Alimony and child support determinations, whether in the original proceeding or in a hearing to modify, require subjective reasoning and analysis based on the evidence and witnesses before the trial court, and will not be disturbed on appeal unless there appears a clear basis in the record for finding the trial court abused its discretion. Ulmer v. Ulmer, *ante* p. 351, 287 N. W. 2d 685 (1980); Boroff v. Boroff, 204 Neb. 217, 281 N. W. 2d 760 (1979); Scarpino v. Scarpino, 201 Neb. 564, 270 N. W. 2d 913 (1978). It is abundantly clear no abuse of discretion is shown with respect to either determination of the trial court, and its judgment should be affirmed. Appellee is awarded the sum of $500 for the services of her attorney in this court.

AFFIRMED.