**WORMALD, U.S., INC., a corporation, Plaintiff,**

v.

**UNIROYAL, INC., a corporation, et al., Defendants.**

No. 86–C–395.

United States District Court, E.D. Wisconsin.

Sept. 15, 1986.

James O. Huber, David M. Lucey, Foley & Lardner, Milwaukee, Wis., for plaintiff.

Charles H. Bohl, Frisch, Dudek and Slattery, Ltd., Ronald L. Riette, Piette, Knoll & Nelson, S.C., Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Wormald, U.S., Inc. initiated this action in April 1986 against Uniroyal, Inc., H.S. Swift Co., and Imperial Clevite, Inc., asserting eleven causes of action arising out of the manufacture and sale of a rubber hose known as the EX607. Swift answered and counterclaimed against Wormald. Wormald has moved to dismiss Swift's counterclaim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The motion will be granted.

Wormald manufactures fire extinguishers for sale to commercial users through independent distributors. Each fire extinguisher consists, among other component parts, of a specially manufactured rubber hose, the EX607, through which a chemical agent travels from the chamber of the extinguisher onto the fire. At all times relevant to this action, Uniroyal manufactured the hose for sale to Swift, ICI, and other companies. Swift and ICI, in turn, sold the hose to Wormald after attaching the couplings required to connect it to Wormald's extinguishers.

Wormald alleges that an undetermined quantity of the EX607 hoses manufactured by Uniroyal between 1976 and 1983 were defective. Because of the defect, Wormald alleges, many purchasers of its extinguishers have demanded replacement of their EX607 hoses, and it has been forced to undertake an expensive replacement program. Wormald charges Swift with strict liability in tort (count one), negligence (count three), breach of express warranties (count seven), and breach of the implied warranties of merchantability (count nine) and of fitness (count eleven).

In its counterclaim, Swift assails Wormald's replacement program. Swift charges Wormald with taking out a paid advertisement which identifies the EX607 hose by name and states that it could fail in a fire emergency. Swift avers that Wormald's replacement program "was intentionally misleading and was ... intended to conceal the defective nature of the design of Wormald's products"; that it "has improperly interfered with H.S. Swift Company's present and future contractual relations"; and that it was "intentionally and improperly motivated by a desire to escape responsibility and publicity associated with having distributed a defective product." Swift contends that the allegations and averments set forth in its counterclaim against Wormald state compensable claims for tortious interference with contractual relations and trade libel.

"One who *intentionally* induces or otherwise *intentionally* causes a third person not to perform a contract with another, other than a contract to marry, is subject to liability to the other for pecuniary loss resulting from the breach of contract." *Augustine v. Anti-Defamation Lg. B'nai B'rith*, 75 Wis.2d 207, 219, 249 N.W.2d 207 (1977), *quoting* Restatement (Second) of Torts, § 766(1) (1969) (emphasis in original). "[T]o recover for interference with a contract under Wisconsin law, it is essential that the defendant act intentionally." *Cudd v. Crownhart*, 122 Wis.2d 656, 660, 364 N.W.2d 158 (Ct.App.1985), *citing Augustine, supra*, 75 Wis.2d at 219, 249 N.W.2d 207. "[T]his intent requirement also applies to interference with prospective contracts." *Id.*

■ Construing the allegations in Swift's counterclaim, as I must, in the light most favorable to Swift, I am nonetheless persuaded that no set of facts exists which would entitle Swift to relief on an interference with contract theory. Nowhere in Swift's counterclaim is it alleged that Wormald identified Swift by name as a manufacturer or distributor of the EX607 hose or that Wormald otherwise sought to injure Swift in connection with its replacement program. Even assuming, as Swift alleges, that Wormald undertook the program intentionally "to conceal the defective nature of Wormald's products," and thus to mislead purchasers of Wormald's fire extinguishers, it is not alleged that Wormald intended to implicate Swift as the party responsible for any of the problems with the EX607 hose in a purposeful effort to cause harm to Swift with regard to any existing or prospective contractual relationship. It is not sufficient to support a claim for intentional interference with contractual relations that "the conduct of the alleged tortfeasor might have incidentally had [the] result" complained of. *Augustine, supra*, 75 Wis.2d at 219–220, 249 N.W.2d 207.

Swift alleges that it has suffered financial loss as well as "being required to expend large sums of money ... to counteract Wormald's conduct by replacing EX607 hose which was neither defective nor dangerous and which would not have required replacement but for Wormald, U.S., Inc.'s replacement program." However, Swift has not alleged that this harm, assuming that it occurred, was the result of intentional conduct by Wormald designed to induce Swift's other buyers of the EX607 hose to violate their existing contracts with Swift or to refrain from entering into contracts with Swift. The counterclaim simply does not impute to Wormald any impermissible purpose in carrying out its replacement program.

No facts have been set forth by Swift which could sustain its claim for relief on an interference with contract theory. As the Wisconsin Supreme Court suggested in *Pure Milk Prod. Coop. v. National Farmers Organ.*, 90 Wis.2d 781, 796, 280 N.W.2d 691 (1979), the purpose of this intentional tort is to protect legitimate competition from predatory tactics. The facts pleaded in Swift's counterclaim do not indicate that Wormald sought to reap any competitive advantage vis a vis Swift or the EX607 hose by way of its product replacement program.

■ Swift's attempt to assert a counterclaim for trade libel against Wormald is also without merit. "The Wisconsin Supreme Court has asserted that a complaint does not state a cause of action for libel unless it includes the specific words upon which the plaintiff bases his claim." *Badger Bearing v. Drives & Bearings*, 111 Wis.2d 659, 677, 331 N.W.2d 847 (Ct.App. 1983), *citing Olston v. Hallock*, 55 Wis.2d 687, 700, 201 N.W.2d 35 (1972). The only specific language identified in Swift's counterclaim is a statement allegedly made by Wormald in a paid advertisement: "This is an EX607 hose. It could fail in a fire emergency."

The quoted language is insufficient as a matter of law to support a compensable claim against Swift for trade libel. Swift avers that Wormald made this statement in connection with its product replacement program; it does not allege or reasonably imply that the program was directed at

Swift, sought to discredit Swift or otherwise encouraged the belief that Swift's conduct was "dishonorable, unethical or unprofessional...." *Converters Equipment Corp. v. Condes Corp.*, 80 Wis.2d 257, 263, 258 N.W.2d 712 (1977). In fact, the quoted statement is devoid of "specific words," *Badger Bearing, supra*, 111 Wis.2d at 677, 331 N.W.2d 847, which in their "natural and ordinary sense" might tend "so to harm the reputation of [Swift] as to lower [it] in the estimation of the community or deter third persons from associating or dealing with [it]." *Converters Equipment Corp., supra*, 80 Wis.2d at 262–63, 258 N.W.2d 712.

Therefore, IT IS ORDERED that the motion of Wormald, U.S., Inc., to dismiss the counterclaim asserted against it by H.L. Swift Co., pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, be and hereby is granted.