Carl Bralick, appellant, v. Dorothy E. Bralick, appellee.

231 N. W. 2d 129

Filed June 26, 1975. No. 39810.

David T. Schroeder for Padley & Dudden, for appellant.

Simon Galter, Carlos E. Schaper, and Howard W. Spencer, for appellee.

Heard before White, C. J., Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

Newton, J.

This is an appeal in a divorce proceeding. Appellant assigns error in regard to the awarding of custody of three of the children and the amount of alimony, child support, and attorneys' fees awarded. We modify the judgment of the District Court.

Eight children were born to appellant and appellee. Five were minors at the time of dissolution of the marriage, to wit: Carl, 16 years of age; Andrew, 15; Elizabeth, 13; Jean, 11; and Arthur, 10. Custody of Carl and Andrew was awarded to appellant and custody of the three younger children was retained by the court with physical custody and control placed in appellee.

No purpose will be served by setting out the comparatively lengthy evidence regarding child custody. The record does not disclose, and the trial court did not find, that either parent was unfit to have custody of the minor children. The court did however take the precaution of placing restrictions on the custody of the three younger children granted to appellee. Although the necessity for such precaution is not clear, it can scarcely be soundly criticized. The interests of minor children should be safeguarded even to the extent of taking precautions which may prove to be unnecessary. It is apparent that the trial court very carefully inquired into and considered all factors bearing on the custody of the children. The record sustains the solution arrived at and there was not an abuse of discretion. The judicial discretion of the trial court with respect to fixing the custody of minor children will not ordinarily be disturbed on appeal unless there is a clear abuse of judicial discretion. See Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667.

The evidence sustains the trial court's finding that property awarded to appellant had a reasonable value of $44,657 and that property awarded to appellee had only a nominal value. Appellant has an income of approximately $14,000 per year. The award to appellee of $15,000 permanent alimony is not unreasonable but its payment in 10 semiannual installments, together with the child support, places a severe burden upon appellant. His income amounts to approximately $1,160 per month. On payment of the alimony award at the rate of $750 semiannually and at $300 monthly child support, reduced from $375, his income for himself and the support of the two boys will be reduced to about $735 per month. The alimony payments would amount to $125 per month, the child support payments, $300, and the appellee's earnings approximately $400 per month, a total of $825 per month. It would not be advantageous to either party to place the payments for alimony and child sup-

port beyond the reach or capability of the appellant and we therefore fix the child support payments at $100 per child per month and the alimony payments at $750 semiannually. "The rules for determining alimony or division of property in a divorce action provide no mathematical formula by which such awards can be precisely determined. They are always to be determined by the facts in each case and courts will consider all pertinent facts in reaching an award that is just and equitable. * * *

"In determining the amount of child support to be awarded, the status, character, and situation of the parties and all attendant circumstances must be considered, and the amount rests in the sound discretion of the court." Bliven v. Bliven, 190 Neb. 492, 209 N. W. 2d 168.

The court allowed appellee the sum of $2,500 for attorneys' fees and the guardian ad litem, $1,424.80. The trial occupied 2 days and the record does not disclose the rendering of any unusual, extraordinary, or time-consuming services by the attorneys involved. It would appear that the District Court allowances were on the generous side and sufficient to cover also the services of appellee's attorney in this court.

The judgment of the District Court is affirmed as modified.

AFFIRMED AS MODIFIED.