CAROL VAN CLEAVE, APPELLEE, v. LHYNN VAN CLEAVE, APPELLANT.

266 N. W. 2d 900

Filed June 21, 1978. No. 41455.

John McArthur, for appellant.

Gary L. Giese, for appellee.

Heard before WHITE, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and HENDRIX, District Judge.

HENDRIX, District Judge.

This is an action for dissolution of marriage brought by the petitioner, Carol Van Cleave, against the respondent, Lhynn Van Cleave. The District

Court for Buffalo County, Nebraska, ordered the dissolution, child custody in the petitioner, child visitation for the respondent, child support by the respondent, division of property, and permanent alimony for the petitioner. The respondent has appealed to this court objecting to the division of the property, the child support award, and the permanent alimony award. We affirm.

Prior to the separation of the parties they lived at Odessa, Nebraska. At the time of trial, April 1, 1977, the respondent was still living in the family home at Odessa, while the petitioner was living at Indianola, Nebraska. The petitioner testified that she moved to Indianola because she could not live in the same town as her husband, and that her parents resided at Indianola. The two children, ages 6 and 7, were living with the petitioner. The petitioner, age 33, was employed as a janitor at the Republican Valley school earning $300 a month for a 30-hour work week. She was looking for a better paying job, but has no immediate prospects of obtaining one. While she had attended secretarial school for 1 year, any skills from that training had been lost by passage of time. She was qualified for factory or restaurant work. She had purchased a trailer in which she and the children lived. The amount owed her father for the downpayment plus the encumbrance on the trailer just about equaled its value. She had possession of a 1967 Rambler worth about $100. No value was placed upon any other property she may have had in the trailer.

The respondent, age 31, was a hydraulic foreman with the Nebraska Public Power District. His gross salary in 1976 was $5.87 an hour and totaled $12,789.60 for the year. At trial his salary had risen to $6.34 an hour. At trial time he was also receiving $331 a month from the Veterans Administration for on-the-job training. The respondent would be eligible for the training until November of 1977, but the training

would be terminated in August of 1977 if there were not enough veterans participating. The respondent was in possession of the bulk of the property of the parties. This included the home valued by petitioner at $9,000 and by respondent at $6,000, an interest in a tract of land adjoining the home and of little net value, the furniture in the home of the value of $2,175, and a 1969 Chevelle valued by the petitioner at $600 and by respondent at $400. The respondent had built up a retirement fund with his employer and it was valued at $1,000.

The debts owed by the parties upon separation were substantial when compared to the assets of the parties. There were some differences in the evidence as to the names of the creditors and the amounts owed to them, but the District Court order for payment of $7,503.39 is not challenged by the parties.

The District Court assigned to petitioner the 1967 Rambler, and the trailer house and furnishings therein. The court assigned to respondent the home, the tract of land, all the furniture in the home, the 1969 Chevelle, and the retirement fund. The respondent was ordered to pay the $7,503.39 in debts. The court ordered the respondent to pay a charge of $2,000 payable with 8 percent interest within 3 years, ordered child support in the sum of $150 per month per child, and ordered alimony in the sum of $125 per month for 36 months.

The $2,000 charge was evidently levied to equalize the property assignments. While the evidence on value is conflicting, the District Court could very well have found under the evidence that the sum of $2,000 would be about one-half the value of the property assigned to respondent less debts, whereas the value of the property assigned to the petitioner was negligible. This court will not disturb a division of property made by the trial court unless it is patently unfair. Edwards v. Edwards, 199 Neb. 581, 260 N.

W. 2d 319. The division is not patently unfair.

The allowance of $150 per month per child is a substantial sum under the circumstances here, and would obligate the respondent to the payment of $300 per month. However, with the increase in wages in effect at the time of trial, it would appear that the respondent would be making about $13,187.20 per year. It would further appear that he has job security. The petitioner, on the other hand, is making $3,600 per year with no real assurance of making more. The judgment of the trial court fixing the amount of child support will not be disturbed on appeal absent an abuse of discretion. Hupke v. Hupke, 195 Neb. 363, 238 N. W. 2d 229. There was no abuse of discretion in this case.

The alimony allowance is $4,500 payable $125 per month for 3 years. The amount and duration of the payments reasonably provide for petitioner's adjustment. This determination rests upon the sound discretion of the District Court, and, in the absence of an abuse of discretion, will not be disturbed on appeal. Hansen v. Hansen, 199 Neb. 462, 259 N. W. 2d 912. However, alimony, support, and property settlement issues must be considered together to determine whether a court has abused its discretion. Olson v. Olson, 195 Neb. 8, 236 N. W. 2d 618. The crucial question in this case is whether the respondent can reasonably be expected to pay all the amounts required. It appears that he can. The assets could provide for the charge and the debts, leaving $425 per month to be paid. The difficult period for the respondent is between the termination of the Veterans Administration payments and the termination of the alimony payments. During this time respondent would have his gross salary of about $1,098.91 per month. This should enable him to pay $425 per month and still provide for his own living expenses. Thereafter, his payments would be reduced to $300

per month for child support, and he should then be in a favorable financial position.

While each case presents its own peculiar facts, this case has many facts similar to Theye v. Theye, 200 Neb. 206, 263 N. W. 2d 92. The orders made by the District Court in the instant case conform generally to the holdings of that case.

The petitioner is allowed the sum of $250 for the services of her attorney in this court.

AFFIRMED.