SHARIAN I. BRUS, APPELLEE, v. WAYNE B. BRUS, APPELLANT.

277 N. W. 2d 683

Filed April 24, 1979. No. 42029.

John W. McClellan, Jr., for appellant.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and CASE and FUHRMAN, District Judges.

FUHRMAN, District Judge.

This is a proceeding for dissolution of marriage. The District Court dissolved the marriage, granted custody of the three minor children to the wife, ordered the husband to pay child support, and made a property division. The husband has appealed to this court objecting to the child support award and the division of the property.

The record shows the parties were married at Davenport, Iowa, on September 3, 1967. Three children were born to the parties: John Wayne, on June 14, 1970; Scott Eric, on May 28, 1972; and Joseph Michael on December 29, 1974. Suit for dissolution was filed by the wife on December 3, 1976. Trial was had in the District Court for Madison County on February 16, 1978.

The wife, a college graduate, was certified to teach in Iowa and later in Illinois. She taught school for the year prior to the marriage. During the first year of marriage she did substitute teaching and was employed by the Iowa State Highway Commission, while her husband attended college. She taught school in Illinois for the next year and a half, leaving her employment due to pregnancy. At the time of trial the wife was operating a nursery school, with a net annual income of $1,200. The wife is not certified as a teacher in Nebraska, and would need one or two semesters of schooling to become certified.

The husband, a civil engineer, graduated from Iowa State University in June of 1968. He has been employed since his graduation, most recently employed by Ebasco Services, Inc., since May 1975. His gross salary at the time of trial was $1,850 per

month, with a net salary of $1,345.58. His salary is reviewed yearly, in the month he began employment, for bonus or salary purposes. Additionally, he has interest and dividend income from investments of the parties. In 1976 the parties had dividends of $392, interest of $151.35, and a 1975 state tax refund of $338.55. The federal tax refund for the year of 1976 amounted to $724.76.

The family debts are a paving assessment of $1,706, the past year's real estate taxes of $1,180, and the sum of $17,000 owed to the mother of the husband on a mortgage on the family home. The home has a value of approximately $57,500. The monthly payments on the mortgage, with amortized real estate taxes, are $290. There is a life insurance policy on the life of the husband with a cash value of $2,000, less a loan in the amount of $1,200. This loan is not payable monthly.

The evidence showed the husband claimed a need for the monthly sum of $685 as living expenses, with the wife claiming a need for the monthly sum of $1,047 as living expenses for her and the three minor children.

In the decree the trial court awarded the wife no alimony, child support in the sum of $200 per month per child or the total sum of $600 per month, and personal and real property of a value of $4,450. The husband was awarded personal and real property of a value of $19,197 and was required to pay the family bills incurred prior to July 5, 1977. The wife was awarded use and possession of the family home until the youngest minor child reaches 19 years of age or none of the minor children reside in the residency, at which time the house is to be sold and the wife is to receive one-half of the gross sale price less only the expenses of the sale. The husband was ordered to pay all present encumbrances against the property and all future taxes and assessments, keep the residence insured for its full value, and pay for main-

tenance of the exterior of the premises. The wife was ordered to pay for all interior maintenance.

It is apparent the husband cannot make the child support and house payments solely from the net salary he was receiving at the time of trial. This causes him some problems. The interest payments and the dividend payments are not paid monthly. Also, the income tax refunds, the annual bonus, and salary review come only once a year.

The husband also contends that the division of property was unreasonable. The wife received, in addition to her use of the residence as a home for herself and children, a half-interest in the residence and other property valued at $4,450. The husband received a half-interest in the residence and other property valued at $19,197, less the amount of the house mortgage payable to his mother, real estate taxes, and paving assessments. The wife was to pay for maintenance to the residence interior and the husband to the exterior.

The following principles are applicable. Alimony, support, and property settlement issues must be considered together to determine whether the trial court abused its discretion. Jackson v. Jackson, 197 Neb. 27, 264 N. W. 2d 722 (1976); Van Cleave v. Van Cleave, 201 Neb. 211, 266 N. W. 2d 900 (1978). In an appeal from a decree of dissolution of marriage, this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466 (1978). The rules for determining a division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. Blome v. Blome, *supra*. This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record. Blome v. Blome, *supra*. In de-

termining the amount of child support to be awarded, the status, character, and situation of the parties and attendant circumstances must be considered. The financial position of the husband as well as the estimated costs of support of the children must be taken into account, and a decision in this regard rests in the sound discretion of the trial court which will not be disturbed on appeal unless it appears that the court abused its discretion. Hermance v. Hermance, 194 Neb. 720, 235 N. W. 2d 231 (1975).

The ability of the husband to make the child support payments is one element which must be considered in determining whether the award was excessive. The evidence here indicates that the award of the child support should be reduced to $165 per month per child.

Since support and property settlement issues should be considered together, we determine that the evidence further indicates that the Florida property should have been awarded to the wife.

The judgment of the trial court is modified so as to provide an allowance for child support in the amount of $165 per month per child and to award the Florida real estate to the petitioner, Sharian Brus. The judgment as so modified is affirmed. The appellee is allowed an attorney's fee in this court of $350.

AFFIRMED AS MODIFIED.