Susan T. Bird, appellee, v. Kenneth M. Bird, appellant.

288 N. W. 2d 747

Filed February 26, 1980. No. 42656.

David M. Geier and Bauer, Galter, Geier, Flowers & Thompson, for appellant.

Wyman E. Nelson of O'Hanlon & O'Hanlon, for appellee.

Heard before Krivosha, C. J., Brodkey, and Hastings, JJ., and Clark and Fahrnbruch, District Judges.

Fahrnbruch, District Judge.

This appeal involves the reasonableness of a $375 per month support award for the parties' toddler child in a dissolution of marriage decree.

The trial court granted dissolution of marriage on the wife's petition, granted her custody of the parties' 25-month-old son subject to visitation rights in the father, awarded $375 monthly child support, and divided the assets and liabilities of the parties. Respondent husband's sole issue on appeal is whether the amount of child support award is excessive under the circumstances. We affirm as modified.

In reviewing a child support award in a dissolution of marriage decree, this court will consider not only

the child support award but also the property division and alimony provisions, if any, to determine whether there was an abuse of discretion. Van Cleave v. Van Cleave, 201 Neb. 211, 266 N. W. 2d 900.

For all practical purposes the trial court divided the parties' net assets equally, with one exception. If the petitioner retains the family home, which was awarded to her subject to a $3,000 lien in favor of the respondent, until December 31, 1981, a potential liability of $5,000 to her parents will dissipate. In that event, she will have received substantially more than 50 percent of the parties' net assets. To this the respondent has made no objection. Alimony, although requested, was disallowed, and the wife did not cross-appeal.

At the time of trial each of the parties was 30 years of age and a college graduate. They had been married approximately 7 years. The wife was employed as a schoolteacher with a net monthly income of $783.56 after taxes and union dues. The husband was a consultant with the State Department of Education with a net monthly income of $1,053 after taxes and a small deduction for health insurance.

Petitioner testified that the monthly expenses for the child would be: Dental expense, $10; utilities, $54; housing, $232.50; babysitting, $165; food, $100; clothing, including coats, shoes, and diapers, $85; doctor and drugs, $30; and entertainment, $45. These items total $721.50 per month. At time of trial petitioner's own monthly expenses were estimated to be: Housing, $232.50; utilities, $54; phone, $30; life insurance, $10; food, $100; car expense, $100; clothing, medical, dental, and grooming expenses, $125; car insurance, $30; gifts, entertainment, and miscellaneous expenses, $50; and car payment, $162, these items totaling $893.50. She testified that the total expense for petitioner and the child would be $1,615. At time of trial there was no car payment, but petitioner testified she would have

to replace her 4-year-old Oldsmobile Starfire. She testified that respondent should pay $721.50 monthly child support, which is the full amount of her estimated cost of care of the child. His net monthly income at the time was $1,053.

"In determining the amount of child support to be paid by a parent, the court shall consider the earning capacity of each parent." § 42-364 (3), R. R. S. 1943.

Respondent testified that his monthly expenses were: Rent, $165; utilities, $70; payment to GMAC, $160.48; insurance, $41.43; credit card expenses, $20; Dial Finance, $26; food, $100 to $125; and work-related expense, $25 to $50. The total is $657.91. Should respondent be required to pay $375 per month child support, his monthly expenses would total $1,032.91, leaving him the sum of $20.09 per month for clothing, medical, and dental expenses, grooming, entertainment, travel expense of visiting his son, and gasoline for travel back and forth to work. Petitioner and the child reside at Blair, Nebraska, and respondent resides in Lincoln.

While the cost of caring for a child is an important consideration in determining child support, equally important is the father's ability to make the payments. It is not advantageous to either party to place the payments for child support beyond the reach or capability of the father. Bralick v. Bralick, 194 Neb. 183, 231 N. W. 2d 129; Brus v. Brus, 203 Neb. 161, 277 N. W. 2d 683.

This court will not modify a trial court's dissolution of marriage decree as to child support, property division, or alimony, if any, unless there has been an abuse of discretion. Van Cleave v. Van Cleave, 201 Neb. 211, 266 N. W. 2d 900.

In this case, while the division of net assets of the parties and the disallowance of alimony are equitable under the circumstances, the trial court clearly failed to give due weight to the father's circum-

stances and his ability to pay child support. A de novo review of the record reflects that the respondent's ability to pay child support at time of trial did not exceed the sum of $250 per month, which amount would have been equitable in view of all the circumstances.

The decree of the trial court is modified to provide child support of $250 per month, rather than $375 per month. The decree of the trial court as so modified is affirmed.

AFFIRMED AS MODIFIED.