F. FAYE HANSON, APPELLANT, V. ROBERT F. J. ROCKWELL, APPELLEE, STATE OF NEBRASKA, INTERVENOR-APPELLANT.

292 N. W. 2d 786

Filed May 20, 1980. No. 42824.

John H. Kellogg, Jr., for appellant F. Faye Hanson.

Donald L. Knowles, Douglas County Attorney, and Richard J. Gilloon, for appellant State of Nebraska.

Arthur D. O'Leary and Dwyer, O'Leary & Martin, P.C., for appellee.

Heard before McCown and White, JJ., and Colwell, Stanley, and Sprague, District Judges.

Sprague, District Judge.

This is an action by petitioner, F. Faye Hanson, seeking to have respondent found to be the father of her child born out of wedlock and to have respondent ordered to pay for the support of the child. After trial on the issue of paternity, the District Court for Douglas County, Nebraska, found respondent to be the father of petitioner's child. The court then heard evidence on the amount of child support respondent should pay to the petitioner.

The petitioner testified that she was employed at a salary of $3 an hour and that she worked approximately 28-29 hours per week. Further, she testified that she received Aid for Dependent Children (ADC) from Douglas County in the sum of $94 per month, as well as a babysitting allowance of $30 per week. Further, the petitioner testified that the county paid for all of her child's medical care and that, in addition, she received food stamps each month which are worth $35. The petitioner's gross income from all of these sources, apart from the amounts paid for medical care, is approximately $648 per month.

The respondent also testified concerning his income and expenses. His gross salary from his principal employment is $1,700 per month and, after deducting amounts for taxes, pension, hospitalization, and police welfare benefits, his net salary is approximately $1,250 per month. From part-time employment, the respondent earns an additional net salary of $200 per month from one job and $83 from another. His total net salary per month is $1,533.

From his net salary, the respondent has to pay certain expenses each month, which total $1,920 and are itemized as follows: $200 for credit loan pay-

ment, $200 for alimony, $750 for child support, $200 for rent, $125 for groceries, $125 for gas and truck maintenance, $50 for children's medical expense, $110 for noncard credit purchases, $35 for credit card purchases, $25 for gas, $50 for utilities, and $50 for miscellaneous expenses.

The respondent's net income is, thus $387 less than he is obligated to pay. It should be noted that he is now paying considerable temporary child support in a pending dissolution action.

The court ordered respondent to pay $15 per week for child support and to pay the petitioner $752.89 as reimbursement for approximately one-half of the expenses incurred for the child by the petitioner for which she was able to present receipts.

On appeal, petitioner contends the court erred in determining that the respondent should pay only $15 per week for the support of their child.

The disparity between the amount respondent is now paying in temporary child support, $750, and the amount he has been ordered to pay in this paternity suit, $15, is obvious. Fifteen dollars a week is inadequate support, but it is necessary to consider the ability of the respondent to pay a larger amount. Present demands on his income do not allow him to meet current obligations. This court has recently held that, while the cost of caring for a child is an important consideration in determining child support, the father's ability to make the payments is equally important. It is not advantageous to either party to place the payment for child support beyond the reach or capacity of the father. *Bird v. Bird*, 205 Neb. 619, 288 N.W.2d 747 (1980).

The decision of the trial court in awarding child support will not be disturbed on appeal unless there appears a clear basis, in the record, for finding that the trial court abused its discretion. *Scarpino v. Scarpino*, 201 Neb. 564, 270 N.W.2d 913 (1978); *Boroff v. Boroff*, 204 Neb. 217, 281 N.W.2d 760 (1979).

The trial court was in a position to have the situation of the parties and their financial circumstances before it. A very complete hearing was held to elicit this evidence. Perhaps it would have been more appropriate for the court to withhold determination of the amount of child support in this paternity suit until such time as permanent child support was awarded in the dissolution action. However, both awards for support are subject to modification and the dissolution action and paternity suit have been presided over by the same court. The trial court is, therefore, presumed to be aware of the total circumstances.

As we view the record, the trial court did not err or abuse its discretion in making the award for child support in this matter. The judgment of the District Court is affirmed and each party is ordered to pay his or her own costs.

AFFIRMED.

WHITE, J., concurs in result.