STATE OF NEBRASKA ON BEHALF OF
JUSTIN ALAN LONGNECKER, A MINOR CHILD, APPELLEE,
v. JEFFREY E. LONGNECKER, APPELLANT.
660 N.W.2d 544

Filed May 6, 2003.   No. A-01-860.

Jeffrey E. Longnecker, pro se.

Patrick G. Baxter for appellee.

IRWIN, Chief Judge, and CARLSON and MOORE, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Jeffrey E. Longnecker appeals from an order of the district court for Colfax County, Nebraska, denying his request to modify his child support. Longnecker contends that the district court violated his equal protection rights when it failed to modify his child support payments. Longnecker also contends that the district court improperly interpreted *State v. Porter*, 259 Neb. 366,

610 N.W.2d 23 (2000), and improperly relied on *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985), when it denied his motion to modify. For the reasons stated herein, we affirm.

## II. BACKGROUND

Longnecker appeals from an order denying his motion to modify his child support payments during the duration of his incarceration. The court, in denying his motion, stated that incarceration is not a material change in circumstances warranting a child support modification.

In December 1991, the Colfax County District Court had ordered Longnecker to begin paying $50 per month in child support after paternity tests revealed that he was the natural father of Justin Alan Longnecker. In March 2000, the Colfax County District Court ordered Longnecker to pay child support in the amount of $297.14 per month in accordance with the parties' joint stipulation of support after an agreed-upon modification. On April 23, Longnecker was arrested, and in November, he was sentenced to 12 to 18 years' imprisonment. Longnecker is not eligible for parole until the year 2006.

On April 12, 2001, Longnecker filed a motion requesting that the court modify his child support payments. He asked the court to reduce the child support payments to the minimum of $50 per month for the duration of his incarceration. Longnecker's only source of income is the $100 per month he earns while working at the correctional facility. The district court denied his motion on July 3, stating that under the holdings in *State v. Porter, supra*, and *Ohler v. Ohler, supra*, incarceration is not a material change in circumstances and, thus, not a basis on which to modify child support obligations. Longnecker timely filed this appeal.

## III. ASSIGNMENTS OF ERROR

Longnecker assigns three errors on appeal, which we consolidate to two. First, Longnecker contends that the district court violated his equal protection rights by denying his request to modify his child support payments while he is incarcerated. Second, Longnecker argues that the district court improperly interpreted and improperly relied on the Nebraska cases *State v. Porter, supra*, and *Ohler v. Ohler, supra*.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

Modification of child support payments is reviewed de novo on the record. See *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the issues. *Krause v. Krause*, 9 Neb. App. 774, 619 N.W.2d 611 (2000). If the evidence as presented by the record is in conflict, an appellate court considers, and may give weight to, the fact that the trial court had the opportunity to hear and observe the witnesses and accepted one version of the facts rather than another. *Id.* The trial court's decision will be affirmed absent an abuse of discretion. See *Gress v. Gress, supra.*

### 2. VIOLATION OF EQUAL PROTECTION

Longnecker argues that the trial court violated his constitutional right to equal protection under the law when it denied his motion to modify his child support obligation. Longnecker did not, however, assert any objection or argument based upon an alleged denial of his equal protection rights before the trial court. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *State v. Porter*, 259 Neb. 366, 610 N.W.2d 23 (2000). For this reason, we do not reach Longnecker's constitutional claim.

### 3. INTERPRETATION OF *STATE V. PORTER* AND *OHLER V. OHLER*

Longnecker's primary contention is that the trial court erred in denying his motion to reduce his child support payments based on his current incarceration. In denying his motion, the trial court cited *State v. Porter, supra.* Longnecker alleges that the court failed to consider the entire holding in *Porter* when considering his motion for child support modification. Longnecker also argues that the trial court erred in relying on *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985), because it was decided before the Nebraska Child Support Guidelines were enacted.

In *Porter*, the Nebraska Supreme Court found that when earning capacity is used as a basis for *an initial determination* of

child support under the Nebraska Child Support Guidelines, there must be some evidence that the parent is capable of realizing such capacity through reasonable effort. Thus, the *Porter* court stated that when an individual is incarcerated at the time *initial child support is determined*, the individual's preincarceration earnings cannot be considered. The court distinguished the case of an *initial determination* of child support from a *modification* of child support, e.g., *Ohler v. Ohler, supra.*

In *Ohler*, the appellant sought to have his child support *modified* because he sustained "a material change in circumstances in that he has been sentenced to imprisonment for a period of 15 years." 220 Neb. at 273, 369 N.W.2d at 616. In deciding this issue, the Nebraska Supreme Court stated:

> Incarceration is certainly a foreseeable result of criminal activity; we find no sound reason to relieve one of a child support obligation by virtue of the fact that he or she engaged in criminal conduct. There is no reason those who have had to step in and assume the applicant's obligation should not be reimbursed by the applicant should his future position enable him to so do.
>
> Further, we do not see how the best interests of the children for whom the support was ordered would be served by temporarily terminating the applicant's child support obligation.

*Id.* at 276, 369 N.W.2d at 618.

■ When we look at *Porter* and *Ohler* together, the conclusion reached is that a different test is applied if an individual is incarcerated when an *initial determination* of child support is made versus when a *modification* of child support is sought. We note that the Nebraska Supreme Court cites *Ohler* in *Porter* and does not overrule it.

In this case, Longnecker's initial child support determination was decided in December 1991. His child support was then modified in March 2000 in order to conform to the Nebraska Child Support Guidelines. Longnecker was not arrested until April 2000, several weeks after the March modification. Thus, the holding in *State v. Porter*, 259 Neb. 366, 610 N.W.2d 23 (2000), is not applicable to Longnecker, since he was not incarcerated at the time the initial child support determination was made. What

does apply is the rule from *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985).

Longnecker's argument that *Ohler* was decided before the child support guidelines were enacted and, therefore, should not be followed is without merit. The Nebraska Child Support Guidelines as enacted require the parent requesting a modification to prove a material change in circumstances which occurred subsequently to the entry of the original decree or a previous modification and which was not contemplated when the prior order was entered for modification to be granted. See *Lambert v. Lambert*, 9 Neb. App. 661, 617 N.W.2d 645 (2000). Among the factors to be considered in determining whether a material change of circumstances has occurred are changes in the financial position of the parent obligated to pay support, the needs of the children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction in income, and whether the change is temporary or permanent. *Becker v. Becker*, 6 Neb. App. 277, 573 N.W.2d 485 (1997). A petition for the modification of child support will be denied if a change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets. See *Lambert v. Lambert, supra.*

Longnecker's financial condition is due to his own violation of the criminal law. He voluntarily chose to commit a crime and is now incarcerated as punishment for his crime. Longnecker's reduction in income is his own fault. Thus, a modification of his child support obligation is not warranted. This assigned error is without merit.

## V. CONCLUSION

For the reasons stated, we conclude that the district court did not abuse its discretion in denying Longnecker's motion to modify his child support obligation. Further, the court did not err in its interpretation of *State v. Porter, supra,* or in its reliance on *Ohler v. Ohler, supra.*

AFFIRMED.