MELISSA N. SMITH, APPELLEE, V.
JAMES F. SMITH, APPELLANT.

681 N.W.2d 57

Filed June 15, 2004.  No. A-02-1138.

James R. Welsh and Robert J. Meyer, of Welsh & Welsh, P.C., L.L.O., for appellant.

Richard H. Hoch, of Hoch, Funke & Kelch, for appellee.

IRWIN, Chief Judge, and HANNON and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

James F. Smith appeals from a decree of dissolution of marriage entered by the district court for Nemaha County, Nebraska, dissolving his marriage to Melissa N. Smith. On appeal, James challenges the district court's orders of child support and alimony, arguing that the district court should not have based the awards on his previous earnings, because he was incarcerated at the time the decree was entered. Because we find that the record indicates that James had not yet been sentenced for his criminal conduct at the time the decree was entered, we affirm the district court's child support and alimony awards.

## II. BACKGROUND

On December 28, 2001, Melissa filed a petition for dissolution of her marriage to James. Melissa alleged that there were four children of the parties' marriage born between October 17, 1987, and June 21, 1994. Melissa requested temporary and permanent child support and alimony.

On December 28, 2001, Melissa filed an affidavit of financial condition. Melissa provided a child support worksheet indicating that her total monthly income was $1,000 and that James' total monthly income was $2,500. A hearing was held on January 9, 2002, regarding Melissa's request for temporary allowances. Melissa's affidavit of financial condition and her child support worksheet were received by the district court. James acknowledged to the court that his "monthly income before taxes [was] about $2500," as reflected on Melissa's child support worksheet. James indicated that he did not want to present any evidence to the contrary. On January 14, the district court entered an order for temporary allowances and ordered James to pay child support in the amount of $896.28 per month.

On August 14, 2002, a hearing on the petition for dissolution was held before the district court. The record indicates that at that time, James was incarcerated, and Melissa testified that James was incarcerated. The court again received Melissa's affidavit of financial condition and her child support worksheet indicating that James' total monthly earnings were $2,500. James did not object to the court's receipt of the affidavit and worksheet. James presented no evidence to contradict Melissa's evidence concerning his total monthly income. James indicated to the court that he was incarcerated and was awaiting sentencing on a charge of possession of methamphetamine.

On August 14, 2002, the district court entered a decree dissolving the parties' marriage. The record indicates, as noted above, that James personally appeared at the dissolution hearing, although the decree indicates that James "was not present in court nor represented by counsel." The court ordered James to pay child support in the amount of $896 per month while all four children remain unemancipated minors and made provisions for the amount of child support to decrease as each child reaches the age of majority. The court also ordered James to pay alimony in the amount of $300 per month for 60 months. This appeal followed.

### III. ASSIGNMENTS OF ERROR

On appeal, James has assigned two errors. First, James asserts that the district court erred in ordering him to pay monthly child support amounts based on his earning capacity, when the record

indicates that he was incarcerated at the time of the decree. Second, James asserts that the district court erred in ordering him to pay alimony, when the record indicates that he was incarcerated at the time of the decree.

## IV. ANALYSIS

James' primary contention, with regard to both the child support and alimony awards, is that the court erred in basing the awards on his earning capacity, because the record indicates that he was incarcerated at the time of the initial award. On the facts of this case, where the record indicates that James was still awaiting sentencing at the time of the award, we find James' assertions to be without merit.

We recently addressed how district courts should treat a parent's incarceration when calculating child support and how the treatment of a parent's incarceration differs depending on whether the court is making an initial award of child support or a modification of child support. See *State on behalf of Longnecker v. Longnecker*, 11 Neb. App. 773, 660 N.W.2d 544 (2003). In *Longnecker*, we stated that where an individual is incarcerated at the time initial child support is determined, the individual's preincarceration earnings should not be considered, and we distinguished that factual scenario from a situation where a court is called upon to modify a previous award based on incarceration. See, also, *State v. Porter*, 259 Neb. 366, 610 N.W.2d 23 (2000).

The factual scenario in the present case, however, is different from the factual scenario in *State v. Porter, supra*. The record in the present case indicates that James was still awaiting sentencing at the time of the initial award of child support and alimony. As such, when the district court made the award, there was no evidence from which the court could determine whether James would be sentenced to a term of incarceration. On the record presented, it is not apparent that James will be unable to realize his earning capacity due to incarceration, because it is not apparent whether he will be incarcerated. In *Porter*, the obligor was serving a sentence of incarceration and it was apparent that he was not capable of realizing his earning capacity; such is not the situation in the present case. As such, we conclude that the district court properly treated James more like an

individual who is not incarcerated at the time of the initial determination of child support and alimony, and we do not find error with the district court's awards of child support or alimony. The decree is affirmed.

## V. CONCLUSION

Because James was still awaiting sentencing at the time of the decree, this case presents a factual scenario more akin to where an individual is not incarcerated at the time of the initial child support award. As such, we find no error with the district court's use of James' earning capacity to support the child support and alimony awards. The decree is affirmed.

AFFIRMED.