IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE ON BEHALF OF JENNA W. & JAYDEN W. V. DENNIS W.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF JENNA W. AND
JAYDEN W., MINOR CHILDREN, APPELLEE,

v.

DENNIS W., APPELLANT.

Filed November 3, 2015.    No. A-14-1064.

Appeal from the District Court for Phelps County: STEPHEN R. ILLINGWORTH, Judge. Affirmed.

Dennis W., pro se.

Michael J. Henry, Phelps County Attorney, and Nancy J. Garrelts for appellee.

MOORE, Chief Judge, and IRWIN and INBODY, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Dennis W. appeals from an order entered by the district court of Phelps County, which reduced Dennis' child support to $50 per month effective December 1, 2014. Because we find no abuse of discretion by the district court, we affirm.

### BACKGROUND

On December 18, 2008, the district court of Phelps County entered an order requiring Dennis to pay child support for the benefit of his two children in the amount of $489 per month. In 2013 Dennis was convicted of two counts of sexual assault and on November 15, he was sentenced to consecutive terms of incarceration of 15 to 20 years and 4 to 5 years.

- 1 -

On June 2, 2014, Dennis filed a pro se Complaint for Modification of Child Support Order. In his complaint, Dennis alleged that his incarceration and resulting reduction of income and earnings potential amounted to a material change in circumstances following the entry of the previous order, necessitating a modification of his child support obligation.

A hearing on the complaint was held before the district court on October 23, 2014. The evidence presented at trial consisted exclusively of Dennis' telephonic testimony. Dennis indicated that he was seeking the modification, in part, for the purpose of preventing his past due support from being "sky high" at the time of his release from prison. Dennis testified that he is currently earning only $2.25 a day, five days a week, while in the process of pursuing a G.E.D. On examination by the State, Dennis agreed that after earning his G.E.D. diploma, he had the potential opportunity to work for the prison shop, at which time he could receive a starting salary of around 40 cents an hour up to approximately $1 an hour.

The State did not present further evidence at trial in opposition to Dennis' modification request, but argued, in part, that Dennis voluntarily committed the crime after the child support order was entered and therefore should not be allowed to modify the support order.

On October 31, 2014, the district court entered an order reducing Dennis' child support obligation to $50 per month for two children and $50 per month for one child. The district court found that a material change in circumstances had occurred due to Dennis' "involuntary reduction in income" as a result of his incarceration as provided for in Neb. Rev. Stat. § 43-512.12 and recognized in *Hopkins v. Stauffer*, 18 Neb. App 116, 775 N.W.2d 462 (2009). The district court further found that the State presented no evidence to support application of the exceptions to this rule set forth in the statute. Due to Dennis' low income, the court ordered "a minimum" amount of child support. Finally, the district court found that the material change in circumstances began after November 15, 2014, the date on which Dennis "will have been incarcerated one year," referencing § 43-512.15(1)(b). Thus, the court reduced Dennis' child support effective December 1, 2014. Dennis subsequently perfected this appeal.

## ASSIGNMENTS OF ERROR

Dennis asserts that the district court erred in (1) failing to find that he provided sufficient evidence to rebut the presumption that the Nebraska minimum child support guideline controls and (2) failing to apply the child support modification retroactively to the first of the month following the filing date of his complaint.

## STANDARD OF REVIEW

An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Schwarz v. Schwarz*, 289 Neb. 960, 857 N.W.2d 892 (2015). See, also, *State on Behalf of A.E. v. Buckhalter*, 273 Neb. 443, 730 N.W.2d 340 (2007). Similarly, whether a child support modification order should be retroactive is entrusted to the discretion of the trial court and will be affirmed absent an abuse of discretion. *Wilkins v. Wilkins*, 269 Neb. 937, 697 N.W.2d 280 (2005). See, also, *Emery v. Moffett*, 269 Neb. 867, 697 N.W.2d 249 (2005); *Peter v. Peter*, 262 Neb. 1017, 637 N.W.2d 865 (2002).

An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id.*

ANALYSIS

MODIFICATION OF CHILD SUPPORT OBLIGATION

Dennis asserts that the district court erred in its modification of his child support obligation. Specifically, Dennis argues that the Nebraska Child Support Guideline's minimum recommended obligation of $50 per month is excessive based on his financial circumstances and that he produced sufficient evidence to allow a deviation below this amount.

The paramount concern in child support cases, whether in the original proceeding or subsequent modification, is the best interests of the child. *Incontro v. Jacobs*, 277 Neb. 275, 761 N.W.2d 551 (2009). In general, child support payments should be set according to the Nebraska Child Support Guidelines adopted by the Nebraska Supreme Court, which are presumed to be in the best interests of the child. *Id.* See, also, Neb. Rev. Stat. § 42-364.16; *Anderson v. Anderson*, 290 Neb. 530, 861 N.W.2d 113 (2015).

In determining the amount of a child support award, a trial court must consider the status, character, and situation of the parties and attendant circumstances, including the financial condition of the parties and the estimated cost of support of the children. *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999). See, also, *Anderson v. Anderson*, 290 Neb. 530, 537, 861 N.W.2d 113, 120 (2015).

Due to Dennis' low income, the district court ordered a "minimum child support order" of $50 per month for two children and $50 per month for one child. Such a minimum payment is established in the Nebraska Child Support Guidelines under Neb. Ct. R. § 4-209, "Minimum support," which provides the following:

> It is recommended that even in very low income cases, a minimum support of $50, or 10 percent of the obligor's net income, whichever is greater, per month be set. This will help to maintain information on such obligor, such as his or her address, employment, etc., and, hopefully, encourage such person to understand the necessity, duty, and importance of supporting his or her children.

See, also, *Garza v. Garza*, 288 Neb. 213, 219, 846 N.W.2d 626, 632 (purpose of § 4-209 is to provide for some support even in cases of very low income in order to reinforce the duties and obligations of being a parent).

The Nebraska Child Support Guidelines are applied as a rebuttable presumption, and all orders for child support shall be established under the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption. *State on Behalf of A.E. v. Buckhalter*, 273 Neb. 443, 730 N.W.2d 340 (2007); Neb. Ct. R. § 4-203.

The Nebraska Supreme Court discussed the Child Support Guideline's presumption of correctness and the minimum child support amount established under § 4-209 in *Sylvis v. Walling*,

248 Neb. 168, 532 N.W.2d 312 (1995). The Court, in affirming the minimum $50 per month ordered for a period of retroactive child support when there was no evidence of the father's income, held that "in the absence of evidence establishing that $50 per month is excessive, the amount is presumptively correct." *Sylvis v. Walling*, 248 Neb. 168, 174-175, 532 N.W.2d 312, 316 (1995).

In support of his argument that he presented sufficient evidence to rebut the presumed correctness of the Nebraska Child Support Guidelines, specifically the minimum support provision discussed above, Dennis cites to cases which discuss the obligor's ability to pay support.

First, Dennis cites to the case of *Hamm v. Hamm*, 228 Neb. 294, 299, 422 N.W.2d 336, 340 (1988), which stated that "while the cost of caring for a child is an important consideration in determining child support, equally important is the father's ability to make the payments. It is not advantageous to either party to place the payments for child support beyond the reach or capability of the father." (quoting *Bird v. Bird*, 205 Neb. 619, 621, 288 N.W.2d 747, 748 (1980)). See, also, *Hanson v. Rockwell*, 206 Neb. 299, 301, 292 N.W.2d 786, 787 (1980). We note that none of these cases involved reductions in child support below the minimum child support amount of $50 set forth in the Nebraska Child Support Guidelines. See *Hamm v. Hamm, supra* (reducing child support from $350 per month to $200 per month); *Bird v. Bird, supra*, (modifying child support from $375 per month to $250 per month); *Hanson v. Rockwell, supra*, (affirming a child support order of $15 per week based on the ability of the obligor to pay). Furthermore, only the *Hamm* decision was made after the Nebraska Child Support Guidelines had taken effect.

Next, Dennis cites to *State v. Porter*, 259 Neb. 366, 371, 610 N.W.2d 23, 27 (2000) for the proposition that "a court should not be permitted to impose a judgment and itself make the payment of that judgment impossible." (quoting *Ohler v.* Ohler, 220 Neb. 272, 277, 369 N.W.2d 615, 619 (1985)). However, the *Porter* case involved an initial determination of an incarcerated father's child support obligation based upon earning capacity, as opposed to a modification of child support based upon a subsequent incarceration. The Nebraska Supreme Court determined that it was error to make the initial determination of child support based upon the father's earnings prior to incarceration and held that his child support obligation while incarcerated should have been set at the minimum amount of $50 per month pursuant to the Nebraska Child Support Guidelines, unless the father had prison wages, assets, or nonwage income which would support a higher amount.

Dennis has not provided us with any case law demonstrating an instance where a Nebraska appellate court has allowed a deviation below the well-established $50 child support minimum due to the incarceration of the obligor, nor has our independent research uncovered any such cases. Thus, we reject Dennis' argument that the imposition of the minimum child support provided under the Guidelines was an abuse of discretion based upon his alleged inability to pay the minimum amount.

Dennis next argues that the legislative intent behind Neb. Rev. Stat. § 43-512.15(1)(b) provides a basis for setting his support below the minimum amount.

Neb. Stat. Rev. § 43-512.15(1)(b), relating to Title IV-D child support modifications, states the following:

> (1) The county attorney or authorized attorney, upon referral from the Department of Health and Human Services, shall file a complaint to modify a child support order *unless* the attorney determines in the exercise of independent professional judgment that:

(b) The variation from the guidelines is due to a voluntary reduction in net monthly income. For purposes of this section, *a person who has been incarcerated for a period of one year or more in a county or city jail or a federal or state correctional facility shall be considered to have an involuntary reduction of income unless* (i) the incarceration is a result of a conviction for criminal nonsupport pursuant to section 28-706 or a conviction for a violation of any federal law or law of another state substantially similar to section 28-706, (ii) the incarcerated individual has a documented record of willfully failing or neglecting to provide proper support which he or she knew or reasonably should have known he or she was legally obligated to provide when he or she had sufficient resources to provide such support, or (iii) the incarceration is a result of a conviction for a crime in which the child who is the subject of the child support order was victimized; . . .

(Emphasis supplied.)

In *Hopkins v. Stauffer,* 18 Neb. App. 116, 775 N.W.2d 462 (2009), this court applied § 43-512.15(1)(b) in finding that an incarcerated inmate may file his or her own complaint to modify child support and the incarceration may be considered an involuntary reduction of income when the conditions of the statute are met. See, also, *Rouse v. Rouse*, 18 Neb. App. 128, 132, 775 N.W.2d 457, 460 (2009).

In reaching this conclusion, this court referred to comments made by the senator introducing the bill which indicated that the proposed amendment to Neb. Rev. Stat. § 43-512.15 would allow an incarcerated obligor to modify a court-ordered child support obligation "in a way that reflects his or her reduced circumstances that are the direct result of incarceration" and that such an amendment may address concerns regarding whether the prior child support guidelines "impose a nonrehabilitative effect on incarcerated persons when that person faces a huge child support debt and interest penalties upon his or her release." *Hopkins v. Stauffer*, 18 Neb. App. 116, 125, 775 N.W.2d 462, 468 (2009) (quoting Judiciary Committee Hearing, L.B. 682, 100th Leg., 1st Sess. 70-71 (Mar. 8, 2007)).

Dennis asserts that based on his current income while incarcerated the $50 child support minimum is excessive, beyond his ability to pay, will lead to him amassing past-due support, and prevents him from being able to make a reasonable effort to comply with his child support obligation, all in opposition to the legislative intent behind Neb. Rev. Stat. § 43-512.15(1)(b). Specifically, Dennis notes that his current salary of $2.25 a day amounts to approximately $49.50 of average total monthly income. Dennis argues that payment of $50 per month in child support would leave him without any funds to purchase personal items. Dennis did not adduce any evidence of expenses he may have while incarcerated nor was there any evidence as to whether Dennis has assets or other income which may provide him the ability to pay child support.

There is nothing in § 43-512.15(1)(b) or its legislative history that suggest that child support for an incarcerated individual should be set below the minimum amount of $50. We note that in both *Hopkins* and *Rouse, supra*, this court did not modify the incarcerated obligors' child support below the recommended minimum.

We conclude that the evidence provided by Dennis was insufficient to rebut the presumption that the district court correctly applied the provisions of the Nebraska Child Support

Guidelines. We find no abuse of discretion by the trial court in setting child support at the minimum amount of $50.

Before turning to Dennis' next assigned error regarding the retroactivity date, we briefly address the State's assertions in this case. In response to Dennis' first assignment of error, the State argues that Dennis allegedly neglected to pay his child support obligations prior to his incarceration, thus falling within exception (ii) contained in Neb. Rev. Stat. § 43-512.15(1)(b), such that he should not be allowed to modify his support. This portion of the statute provides that incarceration should not be considered an involuntary reduction of income when the incarcerated individual has a documented record of "willfully failing or neglecting to provide proper support which he or she knew or reasonably should have known he or she was legally obligated to provide when he or she had sufficient resources to provide such support." Neb. Rev. Stat. § 43-512.15(1)(b)(ii). If such a "documented record" exists, the individual is considered to have experienced a "voluntary" reduction of income and will not be able to benefit under the child support modification standards provided above. *Rouse v. Rouse*, 18 Neb. App. 128, 131-132, 775 N.W.2d 457, 460 (2009).

However, the State did not present any evidence regarding this or any other exception in the statute at the hearing on this matter, nor was any argument made to the court regarding the exceptions. An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal. *Aldrich v. Nelson*, 290 Neb. 167, 859 N.W.2d 537 (2015). Furthermore, the State did not file a cross-appeal, and therefore has not preserved any argument that the district court erred in modifying Dennis' child support to $50 per month. See *Wasikowski v. Nebraska Quality Jobs Bd.*, 264 Neb. 403, 648 N.W.2d 756 (2002) (appellee may not raise arguments independent of or not responsive to appellant's assignments of error without cross-appealing). Therefore, we do not address further the State's argument that the court should not have applied the statute in modifying Dennis' support.

### EFFECTIVE DATE OF CHILD SUPPORT MODIFICATION

Dennis asserts that his decreased child support obligation should have been made retroactive to the first of the month following the filing of his complaint (July 1, 2014) rather than the date chosen by the court (December 1, 2014).

Whether a child support order should be retroactive is entrusted to the discretion of the trial court and will be affirmed absent an abuse of discretion. *Wilkins v. Wilkins*, 269 Neb. 937, 697 N.W.2d 280 (2005). See, also, *Emery v. Moffett*, 269 Neb. 867, 697 N.W.2d 249 (2005). While it is more common for Nebraska courts to apply a child support order retroactively than prospectively, the rule in Nebraska has been to allow a modification of a child support order prospectively from the time of the modification order itself. *Riggs v. Riggs*, 261 Neb. 344, 622 N.W.2d 861 (2001). In determining whether to order a retroactive modification of child support, a court must consider the parties' status, character, situation, and attendant circumstances. *Johnson v. Johnson*, 290 Neb. 838, 854, 862 N.W.2d 740, 752 (2015).

It is clear that the effective date of December 1, 2014 was chosen for the commencement of the modified support by the district court in light of the requirement that a person be incarcerated for one year before Neb. Rev. Stat. § 43-512.15 allows for a support modification. Dennis had

been incarcerated for one year on November 15, 2014. Therefore, we conclude that the district court did not abuse its discretion in choosing December 1, 2014 as the effective date rather than applying the modification retroactively.

## CONCLUSION

Upon our de novo review, we conclude that the district court did not abuse its discretion in its modification of child support to $50 per month effective December 1, 2014. We therefore affirm.

AFFIRMED.